UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UCHENNA BUHARI,

        Plaintiff,

  v.

Case No. 23-cv-86-pp

SCHOENECK CONTAINERS,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE (DKT. NO. 8)**

On January 23, 2023, the plaintiff—representing herself—filed a complaint that appeared to be attempting to allege racial discrimination in her workplace, either by retaliation or by creating or allowing a hostile work environment. Dkt. No. 1. On July 12, 2023, the court issued a screening order requiring the plaintiff to file an amended complaint by the end of the day on August 4, 2023. Dkt. No. 5 at 12. Because the original complaint was short on detail, the order instructed that the plaintiff's amended complaint "must explain what actions each defendant took against [the plaintiff], must explain why the plaintiff believes that the defendant took those actions because of the plaintiff's race and must explain how that defendant's actions harmed the plaintiff." Id. at 9. The order also explained that "[i]f the court does not receive an amended complaint (or a request for more time to file one) by the end of the day on August 4, 2023, the court may dismiss the case without further notice or hearing." Id. at 12. The court did not receive an amended complaint or a

1

request for more time by that deadline, so it dismissed the plaintiff's case without prejudice on August 14, 2023. Dkt. Nos. 6, 7. On August 18, 2023, the court received from the plaintiff a motion to reopen the case. Dkt. No. 8.

### I.  Motion to Reopen (Dkt. No. 8)

The plaintiff asks the court to reopen the case because "the August 4th date wasn't enough time for [her]." Dkt. No. 8 at 1. The plaintiff explains that she is "dealing with this case and another one reguarding [sic] [her] late mother along with attending to [her] mother [sic] 80-year-old baby sister and only sister ([her] aunt)." Id. The plaintiff says that she is "seriously coping with the lost [sic] of [her] mom, the way [she] was handled on this job here, another case, [her] 80-year-old aunt." Id. The plaintiff states that she is "a strong and determine [sic] woman who believes in justice and accountability and treating others the way [she] want[s] to be treated." Id. The plaintiff further states that "no[]one should have to endure such treatment on any job as [she] did." Id. at 1-2. The plaintiff says that she "want[s] to deal with this and finalize it in court." Id. at 2. Finally, the plaintiff states that she "will be sure to comply with what is needed and "if [she] do[esn't] understand something [she] will be sure to ask question[s] and find the answer." Id.

### II.  Legal Standard

"Rule 60(b) of the Federal Rules of Civil Procedure permits 'a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). "Rule 60(b) relief is an

2

extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent–A–Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005) (quotation omitted). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable, and even then, extraordinary circumstances must justify reopening. Kemp, 596 U.S. at 533 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, n. 11, (1988)). The alternative grounds for reconsideration listed in Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such that "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

Excusable neglect under Rule 60(b)(1) covers unintentional omissions, such as missed filing deadlines. Edwards-Brown v. Crete-Monee 201-U Sch. Dist., 491 F. App'x 744, 747 (7th Cir. 2012). The determination whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. Relevant factors include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings and the reason for the delay, including whether it was within the reasonable control of the movant. See Id. The Seventh Circuit repeatedly has held that "neglect due to a

3

busy schedule is not excusable." Keeton v. Morningstar, Inc., 667 F.3d 877, 883 (7th Cir. 2012); see also Harrington v. City of Chicago, 433 F.3d 542, 548 (7th Cir. 2006) (collecting cases and noting "it is widely accepted that neglect due to a busy schedule is not excusable"). The Seventh Circuit also has stated that a death in the family—without informing the court or asking for any type of accommodation—does not constitute excusable neglect. Harrington, 433 F.3d at 548 (affirming the district court's denial of plaintiff's Rule 60(b)(1) motion because "despite the deaths of his family members, [plaintiff] could have and should have contacted the district court and opposing counsel to explain his circumstances and to work out amicable solutions").

"[W]ithout further explanation of the circumstances, one's [self-represented] status does not automatically entitle a litigant to 60(b)(1) relief." Fillmore v. Ind. Bell Tel. Co., Inc., 729 F. App'x 471, 473 (7th Cir. 2018). "Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994); see also 3SM Realty & Dev., Inc. v. F.D.I.C., 393 F. App'x 381, 383 (7th Cir. 2010) (holding that plaintiff's status as pro se litigant did not excuse his failure to meet mandatory deadline and affirming the district court's denial of plaintiff's Rule 60(b)(1) motion).

### III. Analysis

The court interprets the plaintiff's motion to reopen her case as asserting that her failure to file an amended complaint by the required deadline—August 4, 2023—constituted excusable neglect. Dkt. No. 8. The plaintiff says that because she's dealing with this case and another one involving her late mother, all while attending to her 80-year-old aunt, "the August 4th date wasn't enough time for [her]." Id. at 1.

The court sympathizes with the plaintiff on the loss of her mother and recognizes that care for her elderly aunt likely is time-consuming and stressful. But the plaintiff's circumstances do not meet the threshold necessary to reopen her case under Fed. R. Civ. P. 60(b). See Karraker, 411 F.3d at 837 ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."). The court gave the plaintiff twenty-one days to file "an amended complaint (*or a request for more time to file one*)" and made clear that if the court did not receive either "by the end of the day on August 4, 2023, the court may dismiss the case without further notice or hearing." Dkt. No. 5 at 12 (emphasis added). Although the plaintiff is representing herself, she is required to comply with court-imposed deadlines. Jones, 39 F.3d at 163. The court understands that a death in the family and a busy schedule may pull a person in many different directions and lead to missed deadlines. But the Seventh Circuit has held that these circumstances do not constitute "excusable neglect" warranting the reopening of a case. See Keeton, 667 F.3d at 883; Harrington, 433 F.3d at 548. The court will deny the plaintiff's motion to reopen this case.

5

The court reminds the plaintiff that the court dismissed her case *without prejudice*. Dkt. No. 6. This means the plaintiff has the option to file her case again if she so wishes, subject to any applicable statutes of limitation. See Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1097 (7th Cir. 2008) ("A dismissal without prejudice is normally nonfinal because the plaintiff remains free to refile [her] case.").

## IV. Conclusion

The court **DENIES** the plaintiff's motion to reopen. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 29th day of December, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**